**HONORABLE ROBERT BRYAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ALEXANDER FRIEDMANN,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, WASHINGTON STATE PATROL, a Washington State Agency, CHRISTINE GREGOIRE, and "JOHN DOE" GREGOIRE, CHIEF JOHN BATISTE and "JANE DOE" BATISTE, SERGEANT TOM OLSEN, and "JANE DOE" OLSEN, SERGEANT SAM E. RAMIREZ and "JANE DOE" RAMIREZ, SERGENT TOM MARTIN and "JANE DOE" MARTIN, DETECTIVE JULI GUNDERMAN, formerly Juli Mitchell and "JOHN DOE" GUNDERMAN, TROOPER NICHOLAS CASTO and "JANE DOE" CASTO, TROOPER JAMES MELDRUM and "JANE DOE" MELDRUM, TROOPER CHRISTOPHER NOLL and "JANE DOE" NOLL, TROOPER ROBERT E. | NO. C09-5761RJB<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES. |

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

| | |
|---|---|
| 1 | HOWESON, and "JANE DOE" HOWSON, MICHAEL HOPKINS and 'JANE DOE" HOPKINS, LIEUTENANT SEAN HARTSOCK and "JOHN DOE" HARTSOCK, STEVEN OSTRANDER and "JANE DOE" OSTRANDER, TERRY FRANKLIN and "JANE DOE" FRANKLIN, LIEUTENANT JULIE JOHNSON and "JOHN DOE" JOHNSON, the latter respectively, husband and wife, |
| | Defendants. |

## STATE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, State of Washington, Washington State Patrol, Christine O. Gregoire, John Batiste, Tom Olsen, Sam Ramirez, Tom Martin, Juli Gunderman, Nicholas Casto, James Meldrum, Christopher Noll, Robert Howson, Michael Hopkins, Sean Hartsock, Steven Ostrander, Terry Franklin, and Julie Johnson (hereinafter "Defendants"), in answer to Plaintiff's Complaint for Damages (hereinafter "Plaintiff's Complaint"), admits, denies, and alleges as follows:

### I.   PLAINTIFF AND DEFENDANTS

1.1   Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 1.1 of Plaintiff's Complaint and therefore deny same.

1.2   Defendants admit paragraph 1.2 of Plaintiff's Complaint.

1.3   Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 1.3 of Plaintiff's Complaint or therefore deny same.

### II.   JURISDICTION

2.1   Defendants admit that this Court has jurisdiction over the subject matter. Defendants deny the remainder of the allegations contained in paragraph 2.1 of Plaintiff's Complaint.

### II.   FACTS OF INCIDENTS GIVING RISE TO COMPLAINT FOR DAMAGES

3.1   Defendants admit that Troopers Howson, Casto, Noll, Meldrum, Durbin and Sergeant Martin assisted in the stop of Plaintiff's vehicle on November 3, 2007. Defendants lack sufficient knowledge to either admit or deny allegations regarding the presence of Steven Jones

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

and therefore deny same. Defendants deny the remainder of the allegations contained in paragraph 3.1 of Plaintiff's Complaint.

3.2     Defendants admit that they were first alerted to Plaintiff's actions by a 911 call. Defendants deny the remainder of the allegations contained in paragraph 3.2 of Plaintiff's Complaint.

3.3     Defendants admit that Randy Flores placed a call to 911 at approximately 9:30 a.m. on November 3, 2007 regarding a "white police car". Defendants admit that Trooper Noll states that he was notified of the 911 call at approximately 9:30 a.m. on November 3, 2007. Defendants deny the remainder of the allegations contained in paragraph 3.3 of Plaintiff's Complaint.

3.4     Defendants admit that Randy Flores gave a statement stating that a "white police car" approached him from behind on Southbound I-5 on November 3, 2007, at approximately 9:30 a.m. and "flashed its brights". Defendants admit that Mr. Flores gave a description of the driver of the "white police car", which included a brown jacket and a tattoo on the driver's left forearm. Defendants deny the remainder of the allegations contained in paragraph 3.4 of Plaintiff's Complaint.

3.5     Defendants deny the allegations contained in paragraph 3.5 of Plaintiff's Complaint.

3.6     Defendants deny the allegations contained in paragraph 3.6 of Plaintiff's Complaint.

3.7     Defendants lack sufficient knowledge to either admit or deny allegations contained in paragraph 3.7 of Plaintiff's Complaint related to Mr. Flores's ability to determine or assess Plaintiff's rate of speed on the day in questions and therefore deny same. Defendants deny the remainder of the allegations contained in paragraph 3.7 of Plaintiff's Complaint.

3.8     Defendants deny the allegations contained in paragraph 3.8 of Plaintiff's Complaint.

3.9     Defendants admit that the CAD Log indicates that the original 911 call regarding the incident in question came in at 9:26 a.m. on November 3, 2007. The CAD Log speaks for itself. Defendants also admit that Mr. Flores gave a license plate number to the 911 operator.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  Defendants deny the remainder of the allegations contained in paragraph 3.9 of Plaintiff's
2  Complaint.
3        3.10  Defendants admit that the 911 tape related to the stop on November 3, 2007 was
4  destroyed pursuant to RCW 40.14 on February 12, 2008. Defendants deny the remainder of the
   allegations contained in paragraph 3.10 of Plaintiff's Complaint.
5        3.11  Defendants deny the allegations contained in paragraph 3.11 of Plaintiff's
6  Complaint.
7        3.12  Defendants lack sufficient knowledge to either admit or deny allegations relating
8  to whether the spotlight on Plaintiff's vehicle was in working order. The Defendants deny the
9  remainder of the allegations contained in paragraph 3.12 of Plaintiff's Complaint.
10       3.13  Defendants deny the allegations contained in paragraph 3.13 of Plaintiff's
11 Complaint.
12       3.14  Defendants admit that Plaintiff was arrested and that his firearms were taken into
   evidence. State Defendants admit that Plaintiff's firearms were returned to him on or about July
13 28, 2008. State Defendants deny the remainder of the allegations contained in paragraph 3.14 of
14 Plaintiff's Complaint.
15       3.15  Defendants admit that Detective Mitchell's Investigation Log Report appears to
16 have an error regarding the date on which she contacted Randy Flores. Defendants deny the
17 remainder of the allegations contained in paragraph 3.15 of Plaintiff's Complaint.
         3.16  Defendants admit that Detective Mitchell's Investigation Log Report appears to
18 have an error regarding the date on which she contacted Randy Flores. Defendants admit that Mr.
19 Flores's call was made at approximately 9:30 a.m. on November 3, 2007. Defendants deny the
20 remainder of the allegations contained in paragraph 3.16 of Plaintiff's Complaint.
21       3.17  Defendants lack sufficient knowledge to either admit or deny allegations related to
22 complaints filed by Plaintiff against any particular Washington State Trooper and therefore deny
23 same. Defendants admit that Troopers Howson, Castro, Noll, Meldrum, and Durbin initiated the
   traffic stop of Plaintiff's vehicle on November 3, 2007. Defendants deny the remainder of the
24 allegations contained in paragraph 3.17 of Plaintiff's Complaint.
25       3.18  Defendants lack sufficient knowledge to either admit or deny the allegations
26 related to Detective Mitchell's conversation with Colonel Robert U. Schultz, Jr., and therefore

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

deny same. Defendants deny the remainder of the allegations contained in paragraph 3.18 of Plaintiff's Complaint.

3.19    Defendants deny the allegations contained in paragraph 3.19 of Plaintiff's Complaint.

3.20    Defendants deny the allegations contained in paragraph 3.20 of Plaintiff's Complaint.

3.21    Defendants admit that Plaintiff was driving on Southbound I-5 at the time of the incident. Defendants lack sufficient knowledge to either admit or deny the allegations related to the Plaintiff's destination on November 3, 2007, and whether he had a valid Concealed Pistol License from any State. Defendants deny the remainder of the allegations contained in paragraph 3.21 of Plaintiff's Complaint.

3.22    The Defendants lack sufficient knowledge to either admit or deny allegations related to the alleged press release described by Plaintiff in paragraph 3.22 of his Complaint and therefore deny same. Defendants deny the remainder of the allegations contained in paragraph 3.22 of Plaintiff's Complaint.

3.23    Defendants deny the allegations contained in paragraph 3.23 of Plaintiff's Complaint.

3.24    Defendants admit that Plaintiff's property was returned to him on or about July 28, 2008. Defendants deny the remainder of the allegations contained in paragraph 3.24 of Plaintiff's Complaint.

3.25    Defendants deny the allegations contained in paragraph 3.25 of Plaintiff's Complaint.

3.26    Defendants admit that Plaintiff's firearms were taken into evidence on November 3, 2007 and returned to him on or about July 28, 2008. Defendants also admit that the three handguns were sent to the Tacoma Crime Laboratory for Integrated Ballistics Identification System checks. The Defendants deny the remainder of the allegations contained in paragraph 3.26 of Plaintiff's Complaint.

3.27    There is no paragraph 3.27 in Plaintiff's Complaint.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

3.28   Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 3.28 of Plaintiff's Complaint and therefore deny same.

3.29   Defendants deny the allegations contained in paragraph 3.29 of Plaintiff's Complaint.

3.30   Defendants deny the allegations contained in paragraph 3.30 of Plaintiff's Complaint.

3.31   Defendants admit that they had reason to initiate a traffic stop with Plaintiff. Defendants deny the remainder of the allegations contained in paragraph 3.31 of Plaintiff's Complaint.

## IV   LIABILITY AND DAMAGES

### A. FIRST CAUSE OF ACTION:   FALSE ARREST

4A.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4A.2   Defendants deny the allegations contained in paragraph 4A.1 of Plaintiff's Complaint.

4A.3   Defendants deny the allegations contained in paragraph 4A.3 of Plaintiff's Complaint.

### B. SECOND CASUE OF ACTION:   FALSE IMPRISONMENT

4B.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4B.2   Defendants deny the allegations contained in paragraph 4B.2 of Plaintiff's Complaint.

### C. THIRD CAUSE OF ACTION:   VIOLATION OF TITLE 42 U.S.C § 1983

4C.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4C.2   As to the Plaintiff's statement of the law, the law speaks for itself. Defendants deny all factual and legal allegations contained in paragraph 4C.2 of Plaintiff's Complaint.

4C.3   Defendants deny the allegations contained in paragraph 4C.3 of Plaintiff's Complaint.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**D. FOURTH CAUSE OF ACTION:   NEGLIGENT SUPERVISION AND HIRING**

4D.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4D.2   Defendants deny the allegations contained in paragraph 4D.2 of Plaintiff's Complaint.

4D.3   Defendants deny the allegations contained in paragraph 4D.3 of Plaintiff's Complaint.

**E. FIFTH CAUSE OF ACTION:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

4E.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4E.2   Defendants deny the allegations contained in paragraph 4E.2 of Plaintiff's Complaint.

**F. SIXTH CAUSE OF ACTION:   DEFAMATION, LIBEL, AND SLANDER**

4F.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4F.2   Defendants deny the allegations contained in paragraph 4F.2 of Plaintiff's Complaint.

**G. SEVENTH CAUSE OF ACTION:  HARASSMENT**

4G.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4G.2   Defendants lack sufficient knowledge to either admit or deny allegations related to complaints filed by Plaintiff against any particular Washington State Trooper and therefore deny same. Defendants deny the remainder of the allegations contained in paragraph 4G.2 of Plaintiff's Complaint.

4G.3   Defendants deny the allegations contained in paragraph 4G.3 of Plaintiff's Complaint.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Case 3:09-cv-05761-RJB   Document 39   Filed 01/28/2010   Page 8 of 20

**H. EIGTH CAUSE OF ACTION:     MALICIOUS PROSECUTION**

4H.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4H.2    Defendants deny the allegations contained in paragraph 4H.2 of Plaintiff's Complaint.

**I. NINTH CAUSE OF ACTION:     SEARCH WITHOUT WARRANT**

4I.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4I.2    Defendants deny the allegations contained in paragraph 4I.2 of Plaintiff's Complaint.

4I.3    Defendants deny the allegations contained in paragraph 4I.3 of Plaintiff's Complaint.

**J. TENTH CAUSE OF ACTION:     DENIAL OF CIVIL RIGHTS**

4J.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4J.2    Defendants deny the allegations contained in paragraph 4J.2 of Plaintiff's Complaint.

4J.3    Defendants deny the allegations contained in paragraph 4J.3 of Plaintiff's Complaint.

**K. ELEVENTH CAUSE OF ACTION:     ARREST WITHOUT WARRANT**

4K.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4K.2    Defendants deny the allegations contained in paragraph 4K.2 of Plaintiff's Complaint.

4K.3    Defendants deny the allegations contained in paragraph 4K.3 of Plaintiff's Complaint.

///

Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

### L. TWELFTH CAUSE OF ACTION: MALICIOUS MISCHIEF IN THE FIRST DEGREE

4L.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4L.2   Defendants deny the allegations contained in paragraph 4L.2 of Plaintiff's Complaint.

### M. THIRTEENTH CAUSE OF ACTION:   ASSAULT IN THE FIRST DEGREE

4M.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4M.2   Defendants deny the allegations contained in paragraph 4M.2 of Plaintiff's Complaint.

4M.3   Defendants deny the allegations contained in paragraph 4M.3 of Plaintiff's Complaint.

### N. FOURTEENTH CAUSE OF ACTION:   ASSAULT IN THE SECOND DEGREE

4N.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4N.2   Defendants deny the allegations contained in paragraph 4N.2 of Plaintiff's Complaint.

4N.3   Defendants deny the allegations contained in paragraph 4N.3 of Plaintiff's Complaint.

### O. FIFTEENTH CAUSE OF ACTION:   RECKLESS ENDANGERMENT

4O.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4O.2   Defendants deny the allegations contained in paragraph 4O.2 of Plaintiff's Complaint.

### P. SIXTEENTH CAUSE OF ACTION:   COERCION

4P.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

4P.2   Defendants deny the allegations contained in paragraph 4P.2 of Plaintiff's Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

4P.3   Defendants deny the allegations contained in paragraph 4P.3 of Plaintiff's Complaint.

### Q.   SEVENTEENTH CAUSE OF ACTION:   MALICIOUS HARASSMENT

Q.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

Q.2   Defendants deny the allegations contained in paragraph Q.2 of Plaintiff's Complaint.

### R.   EIGTHEENTH CAUSE OF ACTION:   KIDNAPPING IN THE FIRST DEGREE

R.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

R.2   Defendants deny the allegations contained in paragraph R.2 of Plaintiff's Complaint.

R.3   Defendants deny the allegations contained in paragraph R.2 of Plaintiff's Complaint.

### S.   NINTEENTH CAUSE OF ACTION:   UNLAWFUL IMPRISONMENT

S.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

S.2   Defendants deny the allegations contained in paragraph S.2 of Plaintiff's Complaint.

S.3   Defendants deny the allegations contained in paragraph S.3 of Plaintiff's Complaint.

### T.   TWENTIETH CAUSE OF ACTION:   STALKING

T.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

T.2   Defendants lack sufficient knowledge to either admit or deny allegations related to Defendants' previous interactions with Plaintiff and therefore deny same. Defendants deny the remainder of the allegations contained in paragraph T.2 of Plaintiff's Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**U.   TWENTY-FIRST CAUSE OF ACTION: ROBBERY IN THE FIRST DEGREE**

U.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

U.2   Defendants deny the allegations contained in paragraph U.2 of Plaintiff's Complaint.

U.3   Defendants deny the allegations contained in paragraph U.3 of Plaintiff's Complaint.

**V.   TWENTY-SECOND CAUSE OF ACTION: PERJURY IN THE FIRST DEGREE**

V.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

V.2   Defendants deny the allegations contained in paragraph V.2 of Plaintiff's Complaint.

V.3   Defendants deny the allegations contained in paragraph V.3 of Plaintiff's Complaint.

**W.   TWENTY-THIRD CAUSE OF ACTION: PERJURY AND FALSE SWEARING**

W.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

W.2   Defendants deny the allegations contained in paragraph W.2 of Plaintiff's Complaint.

W.3   Defendants deny the allegations contained in paragraph W.3 of Plaintiff's Complaint.

**X.   TWENTY-FOURTH CAUSE OF ACTION: TAMPERING WITH PHYSICAL EVIDENCE**

X.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

X.2   Defendants admit that the 911 tape related to the stop on November 3, 2007 was destroyed pursuant to RCW 40.14 on February 12, 2008. Defendants deny the remainder of the allegations contained in paragraph X.2 of Plaintiff's Complaint.

X.3   Defendants deny the allegations contained in paragraph X.3 of Plaintiff's Complaint

**Y.   TWENTY-FIFTH CAUSE OF ACTION: OFFICIAL MISCONDUCT**

Y.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

Y.2   Defendants deny the allegations contained in paragraph Y.2 of Plaintiff's Complaint.

Y.3   Defendants deny the allegations contained in paragraph Y.3 of Plaintiff's Complaint.

Y.4   Defendants deny the allegations contained in paragraph Y.4 of Plaintiff's Complaint.

Y.5   Defendants deny the allegations contained in paragraph Y.5 of Plaintiff's Complaint.

Y.6   Defendants admit that on December 1, 2008, Mr. Hopkins asked for a copy of the affidavit referred to by Plaintiff in his November 18, 2008 letter. Defendants deny the remainder of the allegations contained in paragraph Y.6 of Plaintiff's Complaint.

Y.7   Defendants deny the allegations contained in paragraph Y.7 of Plaintiff's Complaint.

Y.8   Defendants deny the allegations contained in paragraph Y.8 of Plaintiff's Complaint.

**Z.   TWENTY-SIXTH CAUSE OF ACTION: VIOLATION OF THE FIRST AMENDMENT, FREEDOM OF RELIGION, FREEDOM OF SPEECH, FREEDOM OF ASSEMBLY**

Z.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

Z.2   Defendants deny the allegations contained in paragraph Z.2 of Plaintiff's Complaint.

Z.3   To the extent that paragraph Z.3 of Plaintiff's Complaint calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph Z.3 of Plaintiff's Complaint.

Z.4    Defendants deny the allegations contained in paragraph Z.4 of Plaintiff's Complaint.

AA.    **TWENTY-SEVENTH CAUSE OF ACTION:    VIOLATION OF THE SECOND AMENDMENT, RIGHT TO BEAR ARMS**

AA.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

AA.2    Defendants deny the allegations contained in paragraph AA.2 of Plaintiff's Complaint.

AA.3    To the extent that paragraph AA.3 of Plaintiff's Complaint calls for a legal conclusion, the Defendants neither admit nor deny.

AA.4    To the extent that Plaintiff quotes various publications in paragraph AA.4 of his Complaint, Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph AA.4 of Plaintiff's Complaint.

AA.5    Defendants deny the allegations contained in paragraph AA.5 of Plaintiff's Complaint.

BB.    **TWENTY-EIGTH CAUSE OF ACTION: VIOLATION OF THE FOURTH AMENDMENT, PROTECTION AGAINST ILLEGAL SEARCH AND SEIZURE**

BB.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

BB.2    Defendants deny the allegations contained in paragraph BB.2 of Plaintiff's Complaint.

BB.3    To the extent that paragraph BB.3 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.3 of Plaintiff's Complaint.

BB.4    To the extent that paragraph BB.4 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.4 of Plaintiff's Complaint.

BB.5    To the extent that paragraph BB.5 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.5 of Plaintiff's Complaint

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES    13    ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

BB.6    To the extent that paragraph BB.6 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.6 of Plaintiff's Complaint.

BB.7    To the extent that paragraph BB.7 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.7 of Plaintiff's Complaint.

BB.8    To the extent that paragraph BB.8 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.8 of Plaintiff's Complaint.

BB.9    To the extent that paragraph BB.9 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.9 of Plaintiff's Complaint.

BB.10   To the extent that paragraph BB.10 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.10 of Plaintiff's Complaint

BB.11   To the extent that paragraph BB.11 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph BB.11 of Plaintiff's Complaint

BB.12   Defendants deny the allegations contained in paragraph BB.12 of Plaintiff's Complaint.

**CC.   TWENTY-NINTH CAUSE OF ACTION: VIOLATION OF THE FIFTH AMENDMENT, RIGHT TO DUE PROCESS, DESTRUCTION OF EVIDENCE**

CC.1    Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

CC.2    Defendants deny the allegations contained in paragraph CC.2 of Plaintiff's Complaint.

CC.3    To the extent that paragraph CC.3 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph CC.3 of Plaintiff's Complaint.

CC.4  To the extent that paragraph CC.4 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph CC.4 of Plaintiff's Complaint.

CC.5  To the extent that paragraph CC.5 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph CC.5 of Plaintiff's Complaint.

CC.6  To the extent that paragraph CC.6 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph CC.6 of Plaintiff's Complaint.

**DD.  THIRTEENTH CAUSE OF ACTION:  VIOLATION OF THE SIXTH AMENDMENT, RIGHT TO SPEEDY TRIAL**

DD.1  Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

DD.2  Defendants deny the allegations contained in paragraph DD.2 of Plaintiff's Complaint.

DD.3  Defendants deny the allegations contained in paragraph DD.3 of Plaintiff's Complaint.

DD.4  Defendants deny the allegations contained in paragraph DD.4 of Plaintiff's Complaint.

DD.5  Defendants deny the allegations contained in paragraph DD.5 of Plaintiff's Complaint.

**EE.  THIRTY-FIRST CAUSE OF ACTION:  VIOLATION OF THE EIGHTH AMENDMENT, PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENT**

EE.1  Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

EE.2  To the extent that paragraph EE.2 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph EE.2 of Plaintiff's Complaint.

///

EE.3   To the extent that paragraph EE.3 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph EE.3 of Plaintiff's Complaint.

EE.4   To the extent that paragraph EE.4 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph EE.4 of Plaintiff's Complaint.

**FF.   THIRTY-SECOND CAUSE OF ACTION:   VIOLATION OF THE FOURTEENTH AMENDMENT, PROVIDING EQUAL PROTECTION**

FF.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

FF.2   To the extent that paragraph FF.2 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph FF.2 of Plaintiff's Complaint.

FF.3   To the extent that paragraph FF.3 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph FF.3 of Plaintiff's Complaint.

FF.4   Defendants deny the allegations contained in paragraph FF.4 of Plaintiff's Complaint.

FF.5   Defendants deny the allegations contained in paragraph FF.4 of Plaintiff's Complaint.

**GG.   THIRTY-THIRD CAUSE OF ACTION: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**

GG.1   Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full.

GG.2   To the extent that paragraph GG.2 calls for a legal conclusion, the Defendants neither admit nor deny. Defendants deny the remainder of the allegations contained in paragraph GG.2 of Plaintiff's Complaint.

GG.3   Defendants deny the allegations contained in paragraph GG.3 of Plaintiff's Complaint.

///

GG.4  Defendants deny the allegations contained in paragraph GG.4 of Plaintiff's Complaint.

## HH. THIRTY-FOURTH CAUSE OF ACTION: WASHINGTON STATE PATROL–RESPONDEAT SUPERIOR

HH.1  Defendants reallege their answers to paragraphs 3.1 through 3.31 and incorporate them herein as if set forth in full

HH.2  Defendants admit that they were acting within the scope of their employment. Defendants deny the remainder of paragraph HH.2 of Plaintiff's Complaint.

### V. PRAYER FOR RELIEF

State Defendants deny that Plaintiff is entitled to any of the requested relief.

### AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendants allege that the summons and complaint were never properly served upon the Defendants.

By Way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE, Defendants allege that the court in which this action has been commenced is not the proper venue for said action.

By Way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE, Defendants allege that the court lacks jurisdiction over the subject matter of this action and/or over the person of the Defendants

By Way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE, Defendants allege that the Plaintiff has failed to file a sufficient claim against the State of Washington as required by RCW 4.92.100 and .110.

By Way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE, Defendants allege that the injuries and damages, if any, claimed by the Plaintiff were proximately caused or contributed to by the fault of Plaintiff as defined by RCW 4.22.015.

By Way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE, Defendants allege that the Plaintiff has failed to state a claim upon which relief may be granted.

By Way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that the Plaintiff lacks capacity to sue.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

17

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

By Way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE, Defendants allege that if the Plaintiff sustained any injury or damage, the same was provoked by the conduct of the Plaintiff.

By Way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE, Defendants allege that the Defendants at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's Complaint.

By Way of FURTHER ANSWER and TENTH AFFIRMATIVE DEFENSE, Defendants allege that if the Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

By Way of FURTHER ANSWER and ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that the Defendants are entitled to an offset from any awards to Plaintiff herein and/or recovery of back monies paid to Plaintiff.

By Way of FURTHER ANSWER and TWELFTH AFFIRMATIVE DEFENSE, Defendants allege that any recovery by Plaintiff is barred by reason of laches.

By Way of FURTHER ANSWER and THIRTEENTH AFFIRMATIVE DEFENSE, Defendants allege that they have absolute immunity from suit for the matters charged in Plaintiff's Complaint.

By Way of FURTHER ANSWER and FOURTEENTH AFFIRMATIVE DEFENSE, Defendants allege that the State of Washington, its agencies and agents, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

By Way of FURTHER ANSWER and FIFTEENTH AFFIRMATIVE DEFENSE, Defendants allege that the claims against the Defendant are barred by the doctrines of absolute immunity.

By Way of FURTHER ANSWER and SIXTEENTH AFFIRMATIVE DEFENSE, Defendants allege that the claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the doctrine of qualified immunity.

Defendants reserve the right to amend this answer and/or allege further affirmative defenses as discovery progresses.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

18

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  WHEREFORE, Defendant, State of Washington et al., prays that Plaintiff's Complaint for Damages be dismissed with prejudice as to the State of Washington, its agency Washington State Patrol, and all of the individually named Defendants and that Plaintiff take nothing by his Complaint and that these Defendants be allowed their costs and reasonable attorneys fees herein.

DATED this 28th day of January 2010.

ROBERT M. MCKENNA
Attorney General

*s/ Allison Stanhope*
ALLISON STANHOPE, WSBA #30486
Assistant Attorney General
Office of the Attorney General–Tort Division
800 Fifth Avenue Suite 2000
Seattle, Washington 98104-3188
Telephone:   (206) 464-7352
Facsimile:   (206) 587-4229
E-mail:      AllisonC@atg.wa.gov
Attorney for Defendants State of Washington and Washington State Patrol

## PROOF OF SERVICE

I, Julie Nelson, declare that I caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ **Electronically Filed with U.S. District Court-Western District**
AllisonC@atg.wa.gov; julien@atg.wa.gov; StephanieD1@atg.wa.gov

☒ **U.S. Mail, First Class, post prepaid
Certified / Return Receipt Request
No. 7007 2560 0001 7798 5752**

Michael Alexander Friedmann
16011 Third Avenue Court East
Tacoma, Washington 98445-1054

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 28th day of January 2010, at Seattle, Washington.

s/ Julie Nelson
JULIE NELSON
Legal Assistant to Allison M. Stanhope, AAG
Office of the Attorney General–Tort Division
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Telephone:   (206) 464-7352
Facsimile:   (206) 587-4229
E-mail:      julien@atg.wa.gov

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

20

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352