| | |
|---|---|
| | The Honorable Robert Bryan |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MICHAEL ALEXANDER FRIEDMANN,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, WASHINGTON STATE PATROL, a Washington State Agency, CHRISTINE GREGOIRE, and "JOHN DOE" GREGOIRE, CHIEF JOHN BATISTE and "JANE DOE" BATISTE, SERGEANT TOM OLSEN, and "JANE DOE" OLSEN, SERGEANT SAM E. RAMIREZ and "JANE DOE" RAMIREZ, SERGENT TOM MARTIN and "JANE DOE" MARTIN, DETECTIVE JULI GUNDERMAN, formerly Juli Mitchell and "JOHN DOE" GUNDERMAN, TROOPER NICHOLAS CASTO and "JANE DOE" CASTO, TROOPER JAMES MELDRUM and "JANE DOE" MELDRUM, TROOPER CHRISTOPHER NOLL and "JANE DOE" NOLL, TROOPER ROBERT E. HOWESON, and "JANE DOE" HOWSON, MICHAEL HOPKINS and | NO. C09-5761RJB<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE AND MOTION FOR ENTRY OF DEFAULT |

DEFENDANTS' RESPONSE TO
PLAINTIFF'S RESPONSE AND MOTION
FOR ENTRY OF DEFAULT
C09-5761RJB

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

|   |   |
|---|---|
| 1 | 'JANE DOE" HOPKINS, LIEUTENANT SEAN HARTSOCK and "JOHN DOE" HARTSOCK, STEVEN OSTRANDER and "JANE DOE" OSTRANDER, TERRY FRANKLIN and "JANE DOE" FRANKLIN, LIEUTENANT JULIE JOHNSON and "JOHN DOE" JOHNSON, the latter respectively, husband and wife,<br><br>     Defendants. |

COME NOW the Defendants, Washington State Patrol, et al., by and through their attorneys of record, ROBERT M. MCKENNA, Attorney General, and ALLISON STANHOPE, Assistant Attorney General, and file this response to Plaintiff's Response and Motion for Entry of Default.[1] The entire basis for the Plaintiff's motion in this case is that the Defendants used the word Seattle instead of Tacoma on two of its pleadings. As such, the Defendants request that the Plaintiff's Motion for Default be denied.

## I.     RESPONSE[2]

Plaintiff's request for default should be denied as Defendants have answered Plaintiff's Complaint and because Plaintiff has failed to comply with LCR 55(a). Under LCR 55(a), a party may file a motion for default when the non-moving party has failed to plead or appear. In order for the default to be entered, the moving party must show that service was proper under Fed. R. Civ. P. 4. LCR 5(a). In addition, if a party *has* appeared, the moving party is required to file an affidavit showing that he gave the defaulting party 14 days written notice of the intention to move for default. *Id.* Plaintiff has failed to satisfy either of these requirements.

**A.     Defendants have answered the Complaint.**

First and foremost, a default judgment should not be entered because the Defendants filed and served both a Notice of Appearance and an Answer in this matter. Defendants electronically

---

[1] It is unclear whether Plaintiff's Response and Motion for Entry of Default (dkt. # 51) is a reply to Defendants' Response (dkt. # 47) to Plaintiff's first motion for default (dkt. # 40), or whether this is a new motion for default. However, given that the clerk has calendared it as a new motion, the Defendants, out of an abundance of caution, are filing this response.

[2] Defendants incorporate all arguments made in response to Plaintiff's first motion for default (dkt. # 40). Defendants' Response to Plaintiff's Motion for Default (dkt. #47)

|  |  |  |
|---|---|---|
| DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE AND MOTION FOR ENTRY OF DEFAULT<br>C09-5761RJB | 2 | ATTORNEY GENERAL OF WASHINGTON<br>Torts Division<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>(206) 464-7352 |

1  filed a Notice of Appearance with the Court on January 25, 2010.  *See* Docket No. 38.  The Certificate of Service indicates that it mailed first class to Plaintiff that same day.  *Id.*  The Defendants then filed an answer in this matter on January 28, 2010.  *See* Docket No. 39.  Again, the Certificate of Service indicates that it was mailed first class to Plaintiff that same day.  *Id.*  Plaintiff obviously received both of these documents given that they are referred to in his first motion for default (Docket No. 40 at 86-87).

Plaintiff continues to assert in his second motion for default that the Defendants did not file a Notice of Appearance or an Answer in this action within the appropriate timeframes because the caption of the document has Seattle instead of Tacoma.  Plaintiff's Response and Motion for Entry of Default (dkt. #51) at 3.  Plaintiff argues that "were it not for the ability to electronically file and transfer such motions and responses from Seattle to Tacoma" the judge would not have received the Defendants' pleadings.  Plaintiff's Response and Motion for Entry of Default (dkt. # 51) at 4.  However, counsel is required to file all documents through CM/ECF.  Declaration of Allison Stanhope, Exhibit A, U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases, at 5.[3]  Furthermore, "[a]n electronic document is *deemed filed when it is received by the court's CM/ECF system.*"  *Id.* at 6 (emphasis added).  Defendants' original Notice of Appearance (dkt. # 38) and Answer (dkt. # 39) are part of this Court's docket and were deemed filed when they were received by the Court's CM/ECF system on January 25, 2010 and January 28, 2010 respectively.[4]  *See* Dockets # 38, 39.  Plaintiff admits that if these documents were "correctly" filed, they would have been within the timeframes set forth in the Federal Rules of Civil Procedure.[5]  Plaintiff's Response and Motion for Entry of Default (dkt. # 51) at 5.  Given that they were correctly filed under the Court's electronic filing procedures, the Defendants did appear and defend in this matter in a timely fashion, thus the Court should deny Plaintiff's Motion for Default.

---

[3] "Electronic filing through CM/ECF shall be mandatory for all counsel as of June 1, 2004."

[4] In an effort to appease Plaintiff, once Defendants realized their error, they did file errata notices for both the Notice of Appearance (dkt. #43) and the Answer (dkt. # 44) with Tacoma in the heading.

[5] Plaintiff also alleges that the Defendants failed to properly sign their pleadings.  That argument will be addressed by Defendants in the separately filed motions to strike, which are noted for March 19, 2010.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S RESPONSE AND MOTION
FOR ENTRY OF DEFAULT
C09-5761RJB

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**B.   Plaintiff failed to properly serve the Defendants pursuant to Fed. R. Civ. P. 4.[6]**

In the event that the Court does not accept the filing of the Defendants' Notice of Appearance or Answer, Plaintiff's Motion for Default should still be denied as he has not complied with LCR 55.  Prior to an order of default being entered, LCR 55 requires a showing that Plaintiff properly served the Defendants under Fed. R. Civ. P. 4.  Under Fed. R. Civ. P. 4(d)(1), a plaintiff may request that a defendant waive service.  Plaintiff admits here that he did not request the Defendants to waive service.[7]  As such, the Plaintiff was required to serve the summons and complaint pursuant to Fed. R. Civ. P. 4(e).

Fed. R. Civ. P. 4(e) requires one of the following to properly serve an individual:  that the service follow state law, that the service be delivered individually, that it be left at the individual's dwelling or "usual place of abode", or that it be delivered "to an agent authorized by appointment or by law to receive service of process."  Under State law, an individual must be personally served or a copy of the summons and complaint can be left at that person's abode.  RCW 4.28.080(15).

Plaintiff argues that he properly served Defendants twice under this rule by serving an Assistant Attorney General and by leaving a copy of the summons and complaint with Laura Gocha of the Washington State Patrol Field Operations bureau in Tacoma, Washington. Plaintiff's Response and Motion for Entry of Default (dkt. #51) at 16-17. Neither of these methods is sufficient for serving all of the Defendants in this matter.

Preliminarily, Plaintiff argues that service upon an Assistant Attorney General is proper because the Attorney General's Office is an "agent authorized by appointment" for the Defendants.  Plaintiff's Response and Motion for Entry of Default (dkt. # 51) at 17.  Pursuant to RCW 4.92.020, when suing the state, "[s]ervice of summons and complaint . . . shall be served in the manner prescribed by law upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general."  Thus, service upon an Assistant Attorney General is only proper for Defendants Washington State Patrol and the State of Washington.  To the extent that Defendants are sued in their individual capacities,

---

[6] Plaintiff alleges that Defendants did not challenge service in their Notice of Appearance. Plaintiff's Response and Motion for Entry of Default (dkt. #51) at 15. However, Defendants specifically stated they were not waiving their right to object to "insufficiency of service of process" in their Notice of Appearance. *See* Docket # 38.

[7] Defendants likely would have waived personal service if given the opportunity to do so.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S RESPONSE AND MOTION
FOR ENTRY OF DEFAULT
C09-5761RJB

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Plaintiff has no proof showing that any of those individuals authorized the Attorney General's Office to receive service on their behalf.

Plaintiff has named approximately 15 individuals as Defendants and has sued them in their individual capacities. *See generally*, Complaint for Damages, Docket No. 3. As such, Plaintiff is required to serve them personally. FRCP 4(e); RCW 4.28.080(15). Plaintiff argues that he did so by leaving copies of the Summons and Complaint with a Washington State Patrol employee. Plaintiff's Response and Motion for Entry of Default (dkt. # 51) at 17. Plaintiff argues that these individuals "place of abode" was their place of employment.[8] *Id.* at 16. However, Plaintiff points to no statute or case law defining "place of abode" as the work place. Under Washington law, "place of abode" is defined as "the place where the defendant is actually *living* at the time the service is made." Karl B. Tegland, 14 Wash. Practice, Civil Procedure §8:6 (emphasis added). Thus, service at the Defendants' work place does not meet the individual service requirements under FRCP 4(e) or RCW 4.28.080(15). Because Plaintiff failed to properly serve Defendants, his motion for default should be denied.

**C.   Plaintiff failed to give Defendants notice of his intent to request default.**

Even if the Court finds that Plaintiff properly served the Defendants, he still failed to comply with LCR 55(a). LCR 55(a) requires that when a party has entered a notice of appearance, the moving party must give the allegedly defaulting party notice of his intention to move for default. In addition, the moving party must provide evidence that such notice has been given. *Id.* Plaintiff has failed to do both in this matter.

Counsel for the Defendants filed a Notice of Appearance with the Court on January 25, 2010. *See* Docket No. 38. This Notice of Appearance was sent to the Plaintiff at the address listed with the Court. *Id.* Plaintiff clearly received the Notice of Appearance given that he references it in his first motion for default. *See* Docket No. 40 at 86. Even though the caption of this document refers to the court in Seattle as opposed to the court in Tacoma, this document was still docketed by the clerk's office and received by the Plaintiff.

---

[8] Even if this Court were to construe the work place as "place of abode", Plaintiff still did not satisfy service as to Governor Christine Gregoire nor Defendant Michael Hopkins as neither of them are Washington State Patrol employees.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S RESPONSE AND MOTION
FOR ENTRY OF DEFAULT
C09-5761RJB

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Despite having received the Defendants' Notice of Appearance, Plaintiff did not give the Defendants notice of his intent to file this motion for default as required by LCR 55(a) nor does he argue that he did so. Instead, Plaintiff is hoping to receive a multi-million dollar award in this case because the Defendants used the word Seattle instead of Tacoma.

### III. CONCLUSION

Courts generally prefer to resolve cases on the merits as opposed to dismissing cases based on technical errors. In this matter, the only mistake made by Defendants is that they used the word Seattle instead of Tacoma on two of their pleadings. Despite this mistake, the Court received and docketed these pleadings and the Plaintiff received these pleadings as well. As such, Defendants did appear and defend in this matter. Furthermore, Plaintiff has failed to comply with the requirements of LCR 55(a). As such, Defendants respectfully request that the Court deny Plaintiff's Motion for Default.

DATED this 5th day of March 2010.

ROBERT M. MCKENNA
Attorney General

s/ Allison Stanhope
ALLISON STANHOPE, WSBA #30486
Assistant Attorney General
Office of the Attorney General–Tort Division
800 Fifth Avenue Suite 2000
Seattle, Washington  98104-3188
Telephone:	(206) 464-7352
Facsimile:	(206) 587-4229
E-mail:	AllisonC@atg.wa.gov
Attorney for Defendants State of Washington and Washington State Patrol

DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE AND MOTION FOR ENTRY OF DEFAULT
C09-5761RJB

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

# PROOF OF SERVICE

I, Allison Stanhope, declare that I caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ **Electronically Filed with U.S. District Court-Western District**

☒ **U.S. Mail, First Class, post prepaid**
**Certified / Return Receipt Request**
**No. 7007 2560 0001 7867 5157**

Michael Alexander Friedmann
16011 Third Avenue Court East
Tacoma, Washington  98445-1054

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 5th day of March 2010, at Seattle, Washington.

s/ Allison Stanhope
ALLISON STANHOPE, WSBA #30486
Assistant Attorney General
Office of the Attorney General–Tort Division
800 Fifth Avenue Suite 2000
Seattle, Washington  98104-3188
Telephone:   (206) 464-7352
Facsimile:   (206) 587-4229
E-mail:   AllisonC@atg.wa.gov
Attorney for Defendants State of Washington and Washington State Patrol

DEFENDANTS' RESPONSE TO
PLAINTIFF'S RESPONSE AND MOTION
FOR ENTRY OF DEFAULT
C09-5761RJB

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352