UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ALEXANDER FRIEDMANN,

           Plaintiff,

  v.

THE STATE OF WASHINGTON, et al.,

           Defendants.

Case No. 09-5761RJB

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT

This matter comes before the Court on Plaintiff's Motion for Default (Dkt. 40). The Court has considered the relevant documents and the remainder of the file herein.

# I. BACKGROUND

On December 23, 2009, the Plaintiff filed a complaint against the Defendants alleging numerous causes of action, including false arrest, false imprisonment, violations of 42 U.S.C. § 1983, and negligence. Dkt. 3. On February 17, 2010, the Plaintiff filed a document entitled "Plaintiff's Response to Motion and Motion for Entry of Default" (Dkt. 40).

# II. DISCUSSION

The Court is uncertain as to the intent of the Plaintiff in filing the above mentioned document. It appears that the Plaintiff misconstrued the Defendants' Answer to his Complaint as a motion. The Plaintiff need not respond to an Answer. An answer is merely a response to a complaint that lays out, among other things, defenses, admissions, and denials as required by Federal Rules of Civil Procedure ("Fed.R.Civ.P.") Rule 8(b). There is no requirement that the

ORDER - 1

1 Plaintiff respond to the Defendants' Answer unless the court orders one in accordance with
2 Fed.R.Civ.P. Rule 7(a)(7).

3 It also appears that the Plaintiff attempted to file a "Motion for Entry of Default." The
4 relevant rule, Fed.R.Civ.P. Rule 55(a), provides that

> When a party against whom a judgment for affirmative relief is sought has failed
> to plead or otherwise defend, and that failure is shown by affidavit or otherwise,
> the clerk must enter the party's default.

However, in this case, the Defendants have plead and defended by submitting an Answer to Plaintiff's Complaint. *See* Dkt. 39. Therefore, entry of default would be inappropriate in this case.

Finally, the Plaintiff uses a different term in the body of his document to describe his request. In the caption of the document, he states "Motion for Entry of Default," but in the body of the document, he states "Motion to Dismiss." Dkt. 40. These are entirely two different requests of the Court. A motion for entry of default is governed by Fed.R.Civ.P. Rule 55, while a motion to dismiss is typically governed by Fed.R.Civ.P. Rule 12(b). Moreover, a motion to dismiss is usually brought by defendants, not plaintiffs, since it disposes of a plaintiff's case. Plaintiff may have intended the document to be a motion for judgment on the pleadings, which is governed by Fed.R.Civ.P. Rule 12(c). However, Plaintiff did not note his motion in a manner that would be in accordance with a dispositive motion. *See* Western District of Washington Local Rule CR 7(d)(3). Plaintiff noted his motion on the same day that it was filed, which indicates that he intended this motion to be a motion for default, which is unavailing in this case, since the Defendants filed an Answer.

The Plaintiff files two other motions which appear to be intended to be replies to the Defendants' response to the motion for entry of default. See Dkt. 50 and 51. First, as a procedural matter, a motion for entry of default ordinarily does not require a response or reply. However, under these circumstances, the Court will address the response filed by the Defendants and the replies filed by Plaintiff.

Defendants' responds to Plaintiff's Motion for Entry of Default by asserting that they have answered the Plaintiff's complaint. Dkt. 47, p. 2. Defendants further argue that if the

ORDER - 2

Court does not accept the filing of their Answer, that the Plaintiff's motion should still be denied because the Plaintiff has not properly served the Defendants in accordance with Local Rule CR 55. Dkt. 47, p. 3. Finally, the Defendants argue that if the Court finds that there was no answer and that service of the motion for entry of default was proper, that the Plaintiff still failed to comply with Local Rule CR 55 by not giving notice of his intention to move for default. Dkt. 47, p. 4.

Plaintiff responds by first arguing that the Defendants filed their notice of appearance and answer in the wrong venue. Dkt. 50, p. 2. Plaintiff contends that since the caption of the Defendants' answer states "United States District Court Western District of Washington at Seattle," the Defendants filed in the wrong venue. However, typographical errors are not dispositive. Upon the Court's review of the records, the Defendants did submit their Notice of Appearance and Answer within the time required, at the proper venue, and in the proper timeframe.

Plaintiff next argues that the Defendants' response does not bear the signature of the attorney of record. Dkt. 50, p. 3. However, the Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases instructions allows for exactly what the Defendants did in this case, which is to merely type in the name of the attorney of record.

Since the Court has determined that the Defendants have properly answered, the remaining arguments made by Defendants and Plaintiff will not be addressed. To the extent that the Plaintiff's motion is one for default or for entry of default, it should be denied since the Defendants have timely answered. The Plaintiff also appears to renew his motion for entry of default in his responses. *See* Dkt. 50 and 51. These motions should be denied for the same aforementioned reasons.

Plaintiff also seeks to strike the Defendants' Response (Dkt. 47), and Defendants' two errata filings (Dkt. 43, 44). Fed.R.Civ.P. Rule 12(f) provides that the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The Plaintiff asserts that since the Defendants' Notice of Appearance and Answer were not properly filed and signed, that the Defendants' response and two errata should be stricken. First,

ORDER - 3

the Court has already determined that the Notice of Appearance and the Answer were filed properly, regardless of the typographical error. Second, filing of an errata is an administrative act to correct a mistake on a filed document. The Defendants are allowed to correct typographical errors. Finally, the Plaintiff has not shown that the documents which the he seeks to strike were an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Therefore, the Plaintiff's motions to strike should be denied.

### III. ORDER

The Court does hereby find and ORDER:

(1) Plaintiff's Motions for Entry of Default (Dkt. 40, 50, and 51) are **DENIED**;

(2) Plaintiff's Motions to Strike (Dkt. 50, 52, and 53) are **DENIED**; and

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of March, 2010.

Robert J Bryan
United States District Judge