1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

MICHAEL ALEXANDER FRIEDMANN,

11

Plaintiff,

Case No. 09-5761RJB

12

v.

ORDER ON PLAINTIFF'S
MOTION TO BIFURCATE

13

THE STATE OF WASHINGTON, et al.,

14

Defendants.

15

16

This matter comes before the Court on Plaintiff's Motion Bifurcate and Proceed with

17

Separate Trials (Dkt. 41). The Court has considered the relevant documents and the remainder

18

of the file herein.

19

**I. BACKGROUND**

20

On December 23, 2009, the Plaintiff filed a complaint against the Defendants alleging

21

numerous causes of action, including false arrest, false imprisonment, violations of 42 U.S.C. §

22

1983, and negligence. Dkt. 3. On February 17, 2010, the Plaintiff filed a motion to bifurcate the

23

case into seventeen (17) different trials. Dkt. 41.

24

**II. DISCUSSION**

25

The court may order a separate trial "for convenience, to avoid prejudice, or to expedite

26

and economize." Fed.R.Civ.P. 42(b). Plaintiff argues that the Defendants would be prejudiced

27

because some of the actions by some Defendants were more heinous than others. Dkt. 41, p. 3.

28

Plaintiff also reasons that it would "minimize the pages within the motions prepared and filed" if

ORDER - 1

1  the trial proceeded separately.  Dkt. 41, p. 4.

2  Plaintiff cites several cases in support of his argument.  However, most of the cases stated

3  stand for the proposition that the phases of a trial should be separated, not the parties.  The cases

4  cited by Plaintiff separate the liability and damages phases of a trial.  The Plaintiff is not asking

5  for this Court to separate liability and damages phases, but to proceed with seventeen (17)

6  different trials involving the same corpus of facts and issues in each.  Proceeding in such a

7  manner is not prudent, wastes judicial resources, and multiplies litigation unreasonably.

8  Proceeding with seventeen different trials based on the same set of facts and issues presents a

9  risk of multiple, inconsistent results.  Additionally, it would be a strain on judicial resources.

10 Finally, the Plaintiff has not made an adequate showing that the Defendants would be prejudiced

11 if they proceeded in one action.  The Defendants state they would not be prejudiced if they

12 proceeded in one action.  Dkt. 48, p. 2.  Plaintiff's argument that Defendants would be

13 prejudiced is unsupported at this stage of litigation.  For the foregoing reasons, the Plaintiff's

14 motion to bifurcate should be denied.

### III. ORDER

16 The Court does hereby find and ORDER:

17 (1) Plaintiff's Motion to Bifurcate and Proceed with Separate Trials (Dkt. 41) is

18 **DENIED**; and

19 (2) The Clerk is directed to send uncertified copies of this Order to all counsel of record

20 and to any party appearing *pro se* at said party's last known address.

21 DATED this 15th day of March, 2010.

Robert J. Bryan
United States District Judge

ORDER - 2