UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALEXANDER FRIEDMANN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE STATE OF WASHINGTON, et al.,<br><br>　　　　Defendants. | Case No. 09-5761RJB<br><br>ORDER RE SHOW CAUSE ORDER |
| MICHAEL ALEXANDER FRIEDMANN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DISCOUNT HEATING AND COOLING, et al.,<br><br>　　　　Defendants. | Case No. 10-5135RJB |

This matter comes before the Court on the Court's March 15, 2010, Order to Show Cause (Dkt. 58). The Court has considered the Plaintiff's and Defendants' responses and the remainder of the file herein.

**I. BACKGROUND**

On December 23, 2009, the Plaintiff filed an eighty-eight page complaint against several Washington State Defendants ("Washington State Defendants") alleging thirty-four (34) causes

ORDER - 1

of action, including false arrest, false imprisonment, violations of 42 U.S.C. § 1983, and negligence. Dkt. 3 (C09-5761). On March 3, 2010, the Plaintiff filed a complaint against Defendants Discount Heating & Cooling, Randy Alan Flores, and "Jane Doe" Flores ("Discount Heating Defendants") alleging thirty-one (31) causes of action, including false arrest, false imprisonment, violations of 42 U.S.C. § 1983, and negligence. Dkt. 3 (C10-5135). On March 15, 2010, the Court issued an Order to Show Cause as to why these two cases should not be consolidated. Dkt. 58. On March 25, 2010, Plaintiff filed a response to the Court's Order to Show Cause, in which Plaintiff objected to consolidation of the two actions. Dkt. 61. On March 26, 2010, Washington State Defendants filed a response, stating that they did not object to consolidation. Dkt. 63. Discount Heating Defendants have not filed a response to the Court's Order.

On November 3, 2007, Randy Flores placed a call to 911 regarding a speeding car. Dkt. 61, p. 5. Plaintiff alleges that Mr. Flores reported that the driver of the speeding car was "impersonating a police officer." *Id*. Mr. Flores's call caused the Washington State Patrol to pull over and arrest the Plaintiff, and have the Plaintiff's firearms seized, which were in the truck of his car at the time of arrest. Dkt. 61, p. 5-6, Dkt. 3 (09-5761 & 10-5135).

## II. DISCUSSION

If actions before the court involve a common question of law or fact, the court may join for trial any or all matters at issue in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay. Fed.R.Civ.P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investor Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989).

Washington State Defendants do not object to the consolidation of the actions. Dkt. 63. However, Plaintiff objects to the consolidation of actions. Plaintiff contends that the actions should not be consolidated because the cases are distinctly different. First, the Plaintiff states that the Washington State Defendants were acting in their official capacity and under the color of law, while the Discount Heating Defendants acted as a "civilian and citizen who took it upon themselves to act in a manner...[that] had direct and detrimental effect on the Plaintiff... and

ORDER - 2

1 prompted further action by the State of Washington." Dkt. 61, p. 3. The Plaintiff next argues
2 that while the Discount Heating Defendants were contributory to the eventual actions taken by
3 the Washington State Defendants, their actions were "taken knowingly and willingly and [sic]
4 wantonly with a complete and total disregard for the consequences of such actions." *Id*.
5 Plaintiff also argues that the damages for each set of Defendants are different. *Id*. Plaintiff
6 contends that the damages for the Washington State Defendants would be far greater than the
7 Discount Heating Defendants. Finally, the Plaintiff makes the argument that the Defendants
8 would be prejudiced if the actions were combined.

9 Consolidating the two actions is appropriate in this case. First, the Plaintiff's causes of
10 action in each case are nearly identical. Of the thirty-four causes of action asserted against the
11 Washington State Defendants, thirty-one causes of action are identical to the causes of action
12 asserted against the Discount Heating Defendants. Second, the facts alleged in each complaint
13 are largely similar and consist of a continuum of events that is difficult to bifurcate into
14 individual events. The actions of Mr. Flores would be out of context without the actions of the
15 Washington State Defendants to explain the alleged damage done by Mr. Flores. Mr. Flores's
16 call results in the Washington State Patrol arresting Plaintiff. The alleged damages were directly
17 caused by the Washington State Defendants as a result of Mr. Flores's actions. Without
18 consolidating the actions, it will be difficult to fully adjudicate liability or responsibility.
19 Additionally, each set of Defendants would be needed to fully lay out the facts in each action. It
20 would be duplicative to lay out the same set of facts in two different actions. This would be a
21 waste of judicial resources. Finally, although the Plaintiff alleges that the Defendants would be
22 prejudiced if the actions were combined, the Defendants have not made such an argument. To
23 the contrary, the Defendants have not objected to the consolidation of the separate actions.
24 Moreover, each set of Defendants will more than likely be necessary for each Defendant's
25 defense. It would more efficient if all related parties appeared in one action to testify once,
26 instead of testifying multiple times in different actions. The Plaintiff has not shown cause for not
27 consolidating the two actions, and it appears that consolidation would achieve judicial efficiency
28 and reduce costs. For the foregoing reason, cases 09-5761 and 10-5135 should be consolidated.

ORDER - 3

### III. ORDER

The Court does hereby find and ORDER:

(1) Cases 09-5761 and 10-5135 are consolidated under Cause Number C09-5761RJB, and all future pleadings shall be filed under that cause number; and

(2) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 31st day of March, 2010.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 4