UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALEXANDER FRIEDMANN, | |
| Plaintiff, | Case No. 09-5761RJB |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR JOINDER |
| THE STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's filings entitled "Motion for Joinder of Parties and Complaint for Damages" (Dkts. 89, 90, 91). The court has considered the motions, relevant documents, and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 23, 2009, the Plaintiff filed a complaint against the Defendants alleging numerous causes of action, including false arrest, false imprisonment, violations of 42 U.S.C. § 1983, and negligence. Dkt. 3. On March 16, 2010, Plaintiff filed a motion to amend the listed Defendants. Dkt. 60. The Court granted the Plaintiff's motion on April 5, 2010 and dismissed all Jane and John Doe Defendants. Dkt. 66. On May 15, 2010, the Plaintiff filed three motions seeking to join additional Defendants. Dkts. 89, 90, 91. The Plaintiff is seeking to add as Defendants Washington State Patrol Captain Jeff Devere, Trooper Brandy Kessler, (collectively "WSP Defendants"), KOMO 4 news, KING 5 News, KIRO 7 News, the Tacoma News Tribune,

ORDER - 1

1  (collectively "News Media Defendants"), Wythe County, the Wythe County Sheriff's
2  Department, Wythe County Sheriff Douglas W. King, and Deputy Brian Vaught (collectively
3  "Wythe County Defendants").  Dkts. 89, 90, 91.

4  Plaintiff contends that the WSP Defendants should be joined because there was a news
5  release from the Washington State Patrol that stated the Plaintiff was arrested, and that the News
6  Media Defendants should be joined because they published or reported what was stated in the
7  news release.  Dkts. 89, 90.  Plaintiff contends that the Wythe County Defendants should be
8  joined because Deputy Vaught made comments about the Plaintiff in an email to Juli
9  Gunderman, a Defendant in this case, and on eBay, the online auction company.  Dkt. 91.

## II. DISCUSSION

A party may amend its pleading once as a matter of course before being served with a responsive pleading or within 21 days after serving the pleading. Fed.R.Civ.P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a)(2).  Persons may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. Fed.R.Civ.P. (a)(2).

The Plaintiff's motions are without merit.  The claims against the potential Defendants do not arise out of the same transaction or occurrence.  The claims against the WSP Defendants and the News Media Defendants involve a media release, not the arrest of the Plaintiff.  Likewise, the actions of the Wythe County Defendants are not legally related to the arrest of the Plaintiff.  Even assuming linkage between the actions of the potential Defendants and the arrest, the actions of the potential Defendants are too legally remote to justify joinder.  No questions of law common to all defendants and potential defendants exist.  For the foregoing reasons, the Plaintiff's motions for joinder should be denied.

Plaintiff if reminded that under Federal Rules of Civil Procedure Rule 11(b), a party may not present a motion for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  The court, on its own initiative, may sanction a party

ORDER - 2

for violations of Fed.R.Civ.P. 11(b). Additionally, a party who presents to the court unnecessary motions, or who so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously, may, in addition to, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate. Local Rule GR 3(d). The Plaintiff has filed several motions in this case that are dubious. Plaintiff is reminded that filing motions that are without merit unreasonably delays the proceedings and needlessly increases the cost of litigation, and may be considered harassing.

### III.  ORDER

Therefore, it is hereby **ORDERED**:

(1) Plaintiff's Motions for Joinder (Dkts. 89, 90, and 91) are **DENIED**; and

(2) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of June, 2010.

Robert J. Bryan
United States District Judge

ORDER - 3