UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ALEXANDAR FRIEDMANN,

Plaintiff,

v.

STATE OF WASHINGTON, et al.,

Defendants.

Case No. 09-5761RJB

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Motion for Protective Order (Dkt. 101). The Court has considered the motion, response and relevant documents herein.

On May 26, 2010, the Plaintiff filed a motion for protective order requesting that the production of his medical records be limited. Dkt. 101, p. 22. The Plaintiff argues that the release of documents creates "further and future damages to potential employment or direct deprivation of social confidence." Dkt. 1010, p. 22. The Plaintiff cites no law to support his request for protective order.

Defendants respond by requesting that the Plaintiff's motion be stricken because it was an over-length brief. Dkt. 111. Local Rule CR 7(e)(2) states that "Motions noted under CR 7(d)(2) and briefs in opposition shall not exceed twelve pages. Reply briefs shall not exceed six pages." A motion for protective order is motion that falls under Local Rule CR 7(d)(2).

ORDER - 1

Defendants also argue that Plaintiff did not work cooperatively with Defendants and failed to comply with Local Rule CR 26(c).  Defendants state that under Local Rule CR 26(e), when filing a motion for a protective order, the movant is to certify that he has made a good faith effort to resolve the matter informally before bringing it to the Court's attention.  Defendants state that the Plaintiff has made no such certification here.  Defendants state that while they have discussed the protective order matter with the Plaintiff, the Plaintiff did not give Defendants' counsel specifics despite her request that Plaintiff do so prior to filing his motion for protective order.  Moreover, the Defendants assert, the Plaintiff has never attempted to discuss the matter with counsel for Defendants Flores, et al.  Finally, Defendants contend that the Plaintiff has been less than forthright regarding the production of records to Defendants.  Defendants state that Plaintiff agreed to sign a stipulation and authorizations to release his medical records to State Defendants.  However, Defendants state that prior to Plaintiff signing a stipulation to release his medical records, Plaintiff sent a letter instructing the providers not to release records to Defendants.  Defendants claim that this is an example of the Plaintiff's cooperation on discovery matters.

Defendants also contend that the proposed protective order is overbroad and the State Defendants cannot agree to the "return or destroy" provision in the proposed protective order because the State is bound by the Washington State Public Records Act.

The Plaintiff did file an over-length brief in this case, but in light of the Plaintiff's *pro se* status and the in the interest of fairness and justice the Court will consider the motion.  However, the Plaintiff is warned that he must follow the Federal Rules of Civil Procedure, the applicable Local Rules, and any orders of the Court in the future.

ORDER - 2

1    Fed.R.Civ.P. 26(c) states that a motion for protective order must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  Local Rule 26(c)(1) states:

> Any motion for a protective order must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.  If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR [General Rule] 3 of these rules.

The Plaintiff in this case has not filed a certification that he has conferred in good faith.  Even if the Court was to ignore the lack of certification, it appears that the Plaintiff has not acted in good faith regarding this discovery matter.  For the foregoing reasons, the Plaintiff's motion for protective order should be denied.

    The Court does hereby find and **ORDER**:

(1)    Plaintiff's Motion for Protective Order (Dkt. 101) is **DENIED**; and

(2)    The Clerk is directed to send copies of this Order to all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 16th day of June, 2010.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge